IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-378-D

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FARRELL LEE CHATMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On January 25, 2010, pursuant to a written plea agreement, Farrell Lee Chatman ("Chatman") pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 8, 31]. On June 25, 2010, the court held Chatman's sentencing hearing. See [D.E. 18, 27]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Chatman's objection. See Sent. Tr. [D.E. 27] 6–26; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Chatman's total offense level to be 33, his criminal history category to be I, and his advisory guideline range to be 135 to 168 months' imprisonment. See Sent. Tr. at 31–32. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Chatman to 135 months' imprisonment. See id. at 34–49. Chatman appealed. On March 8, 2012, the United States Court of Appeals for the Fourth Circuit upheld Chatman's appellate waiver and dismissed Chatman's appeal. See United States v. Chatman, 468 F. App'x 369 (4th Cir. 2012) (per curiam) (unpublished).

On October 30, 2013, the court reduced Chatman's sentence to 108 months' imprisonment. See [D.E. 44]. On January 29, 2015, Chatman moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 46]. Chatman's new advisory guideline range is 87 to 108 months' imprisonment, based on a total offense

level of 29 and a criminal history category of I. See Resentencing Report. Chatman requests an 87-month sentence. See id.

The court has discretion to reduce Chatman's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Chatman's sentence, the court finds that Chatman engaged in serious criminal behavior. See PSR ¶¶ 6–8. The conspiracy took place for approximately ten years and involved over 1.52 kilograms of cocaine base (crack), 14.6 kilograms of cocaine, and 44.9 grams of marijuana. See id. Chatman has taken some positive steps while incarcerated on his federal sentence, but did sustain a disciplinary infraction for possessing a non-hazardous tool (smokeless tobacco). See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Chatman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Chatman's sentence would threaten public safety in light of his serious criminal conduct and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Chatman's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Chatman's motion for reduction of sentence [D.E. 46].

SO ORDERED. This _28_ day of September 2017.

                                        JAMES C. DEVER III
                                      Chief United States District Judge